IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY PAUL MARTINEZ,

    Plaintiff,

     v.     No. CIV 15-00442-MV-LAM

GREGG MERCANTEL, JERRY ROURK,
GERMAN FRANCO, and DEREK
WILLIAMS, *sued in their individual and
official capacities*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants placed Plaintiff in an unsanitary "strip cell" for seventy-two consecutive hours, because the Security Threat Intelligence Unit determined that Plaintiff was part of a Hispanic group known as "Syndicato Nuevo Mexico" (SNM) and "all validated/suspected SNM members" at the Penitentiary of New Mexico (PNM) "were on 'lockdown'" pending an investigation into a gang-related homicide that occurred at Southern New Mexico Correctional Facility on or about March 7, 2014.  [Doc. 1 at 2-4]  After being released from the "strip cell," Plaintiff alleges that he was placed in a restricted housing unit, which "smelled like raw sewage because the toilets were backed up" and did not have running water for three days.  [Doc. 1 at 4]  According to the complaint, Plaintiff has been incarcerated in the restricted housing unit since March 11, 2014, pending the completion of the investigation into the gang-related homicide, even though Plaintiff had been "approved for release to a level five" housing unit by the Classification Committee.  [Doc. 1 at 5]  Plaintiff alleges that during the first fifty to sixty-five days of his confinement in the restricted housing unit, he was deprived of recreation, only had access to "minimal property," and "was subjected to loss of visitation and telephone privileges."  [Doc. 1 at 5]  Plaintiff further alleges that he has been subjected to "extremely cold cells during the month of time change," "extremely hot cells during summer," "cold and meager meals," and "continuous sleep deprivation due to 'unit checks' throughout the night."  [Doc. 1 at 6]  Plaintiff contends that these actions violated the Eighth Amendment prohibition against cruel and unusual punishment, deprived him of due process and equal protection of the law in violation of the Fourteenth Amendment, and violated the New Mexico Constitution and the Universal Declaration of Human Rights.  The complaint seeks declaratory

and injunctive relief, as well as punitive damages.  [Doc. 1 at 7]

Plaintiff's complaint does not allege that Defendant Williams, Deputy Warden at PNM, personally was involved in Plaintiff's reclassification into a strip cell or restricted housing unit. Instead, Plaintiff's complaint alleges that Defendant Williams "was legally responsible for the effective operations and management and for the security of PNM Level Six" and "refused to protect the Plaintiff's rights to be heard."  [Doc. 1 at 2, 5]   Attached to Plaintiff's complaint is an "Inmate Informal Complaint" dated April 28, 2014, in which Plaintiff complained about his restricted conditions of confinement.  [Doc. 1 at 11]   In response, Defendant Williams informed Plaintiff that "[a]s a result of recent gang related homicide at Southern NM Correctional Facility, all validated and or suspected SNM members have been determined from NMCD Central Office as restricted regarding completion of investigation.  As more information is presented, I will ensure you're informed."  [Id.]

To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   It is well established that "a denial of a grievance, by itself without any connection to the violation of the constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Sherratt v. Utah Dep't of Corrections*, 545 F. App'x 744, 747 (10th Cir. 2013) ("Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim.").   Because Plaintiff's complaint fails to allege that Defendant Williams personally was involved in the alleged constitutional violations, the claims against him will be dismissed.

Plaintiff's complaint raises an equal protection claim, but "conclusory allegations are not enough to state a claim" under the Equal Protection clause, instead the plaintiff "must allege that he was treated differently from similarly situated individuals." *Thomas v. New Mexico Corr. Dep't*, 272 F. App'x 727, 729 (10th Cir. 2008); *see also Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006) ("Equal protection is essentially a direction that all persons similarly situated should be treated alike." (quoting *Grace United Methodist Church v. City of Cheyenne*, 427 F.3d 775, 792 (10th Cir. 2005)). To the extent that Plaintiff's complaint alleges that all "validated/suspected SNM members" were treated differently than other similarly situated inmates, Plaintiff's equal protection claim is subject to rational basis review. *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. . . . Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." (citations omitted)); *Nesbit v. Dep't of Public Safety*, 283 F. App'x 531, 533-34 (9th Cir. 2008) (holding that housing policies "segregating rival gangs from each other but affording no separation to unaffiliated inmates" are subject to rational basis review because "they neither involve fundamental rights nor target a suspect class"). Defendants' decision to segregate suspected/validated SNM members in a restricted housing unit in order "'to ensure the safety' of SNM members" [Doc. 1 at 3] pending the completion of an investigation into a gang-related homicide rationally is related to a legitimate governmental interest. *See Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 136 (1977) ("There is nothing in the Constitution which requires prison officials to treat all inmate groups alike where differentiation is necessary to avoid an imminent threat of institutional disruption or violence."). Therefore, Plaintiff's equal

4

protection claim will be dismissed.

Plaintiff's claim under the Universal Declaration of Human Rights also will be dismissed. "[T]he Universal Declaration of Human Rights is merely a resolution of the United Nations" and, as such, is "simply [a] multination declaration[]" that is not "binding on the United States or on this court." *Chen v. Ashcroft*, 85 F. App'x 700, 704 (10th Cir. 2004); *see also Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 259 & 259 n.36 (2d Cir. 2003) (holding that the Universal Declaration of Human Rights is not a "proper source[] of international law" because it is "merely aspirational and [was] never intended to be binding on member States of the United Nations").

At this preliminary stage of the proceedings, the Court concludes that Plaintiff's Eighth Amendment cruel and unusual punishment claims, Fourteenth Amendment due process claims, and state constitutional claims against Defendants Mercantel, Rourk, and Franco survive scrutiny. Therefore, the Court will direct the Clerk to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1], for Defendants Mercantel, Rourk, and Franco.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Williams are DISMISSED and Defendant Williams is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's Equal Protection claim is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claim under the Universal Declaration of Human Rights is DISMISSED;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint [Doc. 1], for Defendants Mercantel and Rourk at the New Mexico Corrections Department, P.O. Box 27116, Santa Fe, NM 87502-0116 and Defendant Franco at PNM, P.O. Box 1059, Santa Fe, New Mexico, 87504-1059.

_____
UNITED STATES DISTRICT JUDGE